Chief Justice Robertson,
delivered the opinion of the court.
Green sued Summers in trespass, quart clausnm fregit. On an issue involving title, the jury found a verdict for $10, in damages.
The plaintiff in error, claims under Southall’s patent; the defendant in error holds under a claim, which calls to adjoin Southall.
It was proved, that the deféndañt (Green) and those from whom he derived possession, had been in the actual possession, claiming to a notorious fed oak, as one of Southall’s corners, and to a line, the proper course therefrom, about forty years, ánd had about the same time enclosed, and ever since occupied a part of the ground Common to the boundary so claimed, and to that how claimed by the plaintiff, (Summers.) That the corner and line to which he thus claimed, as being Soilthall’s, had been reputed, and considered tobe the true corner and line for at least thirty-five years, until recently, when, for the first time, the plaintiff claimed, as the proper boundary, a line which includes the land now in contest, and a part of which has been enclosed so long by the defendant and others under whom hé holds.
The plaintiff in error, exhibited a regular concatenation of title from Southall to himself; proved facts, conducing strongly to show that the line to which he claims, is the true boundary of Southall, and that those from whom he derived title, had been in possession under the patent many years. But it was conceded, that possession was not taken under Southall’s patent, until several years after the commencement of the adversary occupancy, and that no person, holding under Southall, had ever settled upon or closed any part of the land, occupied and claimed by the defendant in error, until the plaintifi' made the entry for which this suit was brought.
The circuit court refused to instruct the jury, that the possession of the defendant in error, should be considered as circumscribed by his actual enclosure,- *138 ancl refused to give other instructions proposed by the plaintiff in error, all of which involve the same principle, and may be disposed of by an application of the law, to the foregoing facts.
Claimant, who has entered and settled beyond his true line on land adjoining his, "but claiming to a visible and known line or boundary, ‘will-be considered in. actual possession to such line or boundary, and not merely to extent of his enclosure.
Nor will subsequent entry, by owner-of such adjoining tract of land upon residue there- or breathe* possession of such prior occupant, so statuteoiVent limitations from running^ agams owitó
tortious °os sessionprotec-ted by lapse •of time.
Daviess, for plaintiff; Crittenden, for defendant.
It is not material whether the line claimed by the plaintiff or that by the defendant, he the true patent boundary. Nor is it material whether the defendant in error, had a perfect legal title, derived by regular conveyances. His possession was prior to that of the 'plaintiff. He claimed to a boundary visible and known. His actual possession was co-extensive with that boundary. He was not ousted by the subsequent entry, under Southall’s patent, as there was no actual entry on the land claimed, and occupied by him. If,as is now contended, Southall’s patent included any part of the land which he had enclosed, as soon as he made a'n actual entry within the boundary of Southall, a cause of action accrued to the holder of Southall’s cl aim, and unless suchholder, entered within tbeboundary claimed and beld adversely to liim, within twenty years, his right of entry was barred; see Fox vs. Hinton, IV Bibb, 559, and Thomas vs. Harrow, et al. Ib. 564.
As defendunt *n error-entered upon, and enclosed a part of the land in content, before any person took possession under Southall’s patent; and as he claimed to hold possession to the red oak, his entry was tortious so far as it intruded on -Southall; and, there fore, whether he had title or not, he would be protected by flie ]apSC 0f twenty years, unless, in the mean time, somc persoll) claiming under Southall, had, by actual ei'*r) ’ disturbed his possession. A settlement upon a Pai'l Southall’s land, not claimed by the defendant, would not affect his right, nor suspend the limitation,
It results, therefore, from the foregoing view of the facts a-iid the law, that the circuit court did not err in refusing to give the instructions proposed by the plaintiff, all of which were founded on a misconception of the law 'of the case, and were merely abstract, as there is no fact in the record, to which, according to theprin-■ciples just stated, they could be applied.
Wherefore, tire judgment of the circuit court is affirmed.